USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/19/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
THE NATIONAL FOOTBALL LEAGUE; and :
NFL PROPERTIES LLC,                  :     No. 13-CV-5416 (HB)
                                     :
                    Plaintiffs,      :
                                     :
            v.                       :
                                     :
LIONK ZHU d/b/a NFL-PROVIDER.COM;    :
CHEN XIU LONG d/b/a                  :
JETSTREAMFANSSHOP.COM; ZHIFENG       :
ZHAO d/b/a                           :
BALTIMORERAVENSNFLONSALE.COM;        :
ZENG LING JUN d/b/a                  :
OFFICIALNIKEFALCONSJERSEY.COM;       :
MEIFANG HU d/b/a                     :
FALCONSNFLSHOP.COM; LISA LEE d/b/a   :
ATLFALCONSSHIP.COM; JIANHUI LIN d/b/a :
49ERSFANMALL.COM; CHRIS LI QY d/b/a  :
OFFICIALSTEXANSJERSEYSTORE.COM;      :
WU FEIPENG d/b/a                     :
COWBOYSFANTASTIC.COM; MEI LAI d/b/a  :
GRIFFIN3JERSEY.COM; WANG SHU CAI     :
d/b/a                                :
OFFICIALNIKEPATRIOTSONLINE.COM; and  :
XYZ COMPANIES, JOHN DOES, and JANE   :
DOES,                                :
                                     :
                    Defendants.      :
------------------------------------ X

## [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER

This action having been commenced by Plaintiffs THE NATIONAL FOOTBALL LEAGUE and NFL PROPERTIES LLC (collectively, the "NFL" or "Plaintiffs") against LIONK ZHU d/b/a NFL-PROVIDER.COM; CHEN XIU LONG d/b/a JETSTREAMFANSSHOP.COM; ZHIFENG ZHAO d/b/a BALTIMORERAVENSNFLONSALE.COM; ZENG LING JUN d/b/a OFFICIALNIKEFALCONSJERSEY.COM; MEIFANG HU d/b/a FALCONSNFLSHOP.COM;

LISA LEE d/b/a ATLFALCONSSHIP.COM; JIANHUI LIN d/b/a 49ERSFANMALL.COM; CHRIS LI QY d/b/a OFFICIALSTEXANSJERSEYSTORE.COM; WU FEIPENG d/b/a COWBOYSFANTASTIC.COM; MEI LAI d/b/a GRIFFIN3JERSEY.COM; WANG SHU CAI d/b/a OFFICIALNIKEPATRIOTSONLINE.COM; and XYZ COMPANIES, JOHN DOES, and JANE DOES (collectively, "Defendants"), and Plaintiffs having moved *ex parte* for a Temporary Restraining Order, Order to Disable Certain Websites, Asset Restraining Order, Expedited Discovery Order, Order Allowing Service by Electronic Mail, and Order to Show Cause for Preliminary Injunction (collectively, the "Temporary Restraining Order") pursuant to Federal Rule of Civil Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anticybersquatting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act") for the reason that Defendants were manufacturing, importing, distributing, advertising, offering for sale, and/or selling, via the Internet, goods bearing counterfeit reproductions of the NFL's federally registered trademarks and/or federally registered trademarks owned by one of the thirty-two (32) Member Clubs that form the NFL, as identified in the NFL's Complaint in this action and incorporated herein by reference, which trademarks (collectively, the "NFL Marks") are owned and/or controlled by the NFL and used in connection with products listed in the NFL's Complaint and incorporated herein by reference (collectively, the "NFL Products");

The Court having reviewed the Complaint, Memorandum of Law in Support of the Temporary Restraining Order, and supporting declarations and exhibits, having issued such a Temporary Restraining Order on August 2, 2013, and subsequently having issued a Preliminary Injunction Order on August 14, 2013 (the "Preliminary Injunction Order");

The Clerk of Court having entered a default against each Defendant on August 28, 2013;

Plaintiffs having moved for final default judgment under Fed. R. Civ. P. 55(b) on August 30, 2013 by Order to Show Cause for a Default Judgment and Permanent Injunction Order, in

accordance with the local rules of the United States District Court for the Southern District of New York, and in accordance with the Court's Individual Rules and Procedures;

Plaintiffs having served on Defendants the Order to Show Cause for a Default Judgment and Permanent Injunction and supporting papers;

None of the Defendants having appeared at the show cause hearing, filed a response to the NFL's moving papers or otherwise appeared in this action; and

Plaintiffs having shown through all papers and proceedings to date, *inter alia*, the following:

1. The NFL owns and/or controls the right, title and interest in and to the NFL Marks in connection with the NFL Products;
2. The NFL Marks are valid and protectable and entitled to protection;
3. The continuous and extensive use of the NFL Marks in connection with NFL football and NFL Products has made the NFL Marks among the most famous and widely-recognized marks in the United States, and immensely valuable;
4. Defendants manufactured, imported, distributed, advertised, offered for sale and/or sold counterfeit products—including, *inter alia*, football jerseys, headwear, collectibles, other apparel and/or other merchandise—bearing counterfeits of the NFL Marks ("Counterfeit Products") to buyers in the United States, including in this Judicial District;
5. In connection with this unlawful conduct, Defendants have operated numerous "rogue" websites (the "Infringing Websites"), including, without limitation, those detected by the NFL to date, which Defendants have located at the 1,095 domain names identified in Schedule A to the Complaint and set forth in **Exhibit 1** attached hereto;
6. Defendants have located many of the Infringing Websites at domain names containing one or more of the NFL Marks (collectively, the "Infringing Domain Names"), including, without limitation, the 1,081 Infringing Domain Names detected

by the NFL to date, which are identified in Schedule B to the Complaint and set forth in **Exhibit 2** attached hereto;

7. Defendants' misuse of the NFL Marks was willful and in bad faith;

8. Defendants have gone to great lengths to conceal themselves and their ill-gotten proceeds from the NFL's and this Court's detection, including by using multiple false identities and addresses associated with their operations as well as purposely-deceptive contact information;

9. Defendants have violated the Temporary Restraining Order and Preliminary Injunction Order, including by failing to comply with the expedited discovery provisions of those Orders; and

10. A maximum statutory damages award is necessary to deter Defendants and others from engaging in similar unlawful conduct that would harm the NFL; and so the Court:

HEREBY FINDS that each Defendant is liable for federal trademark counterfeiting and infringement under 15 U.S.C. §§ 1114, 1117, and each Defendant in Defendant Groups 1-9 and Group 11 (as identified in the NFL's Complaint) are liable for cybersquatting under 15 U.S.C. § 1125(d)(1), and this Default Judgment and Permanent Injunction Order is entered against each Defendant.

THEREFORE, IT IS HEREBY ORDERED, that Defendants, their officers, members, directors, agents, servants, employees, confederates, representatives, and all persons acting in concert or participation with them, are permanently enjoined and restrained from:

(a) Using the NFL Marks, including any trademark, service mark, name, logo, design or source designation of any kind owned or controlled by the NFL, or any reproduction, counterfeit, copy or colorable imitation of the NFL Marks in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise not the genuine products of the NFL;

(b) Using the NFL Marks, including any trademark, service mark, name, logo, design or source designation of any kind owned or controlled by the NFL, or any reproduction, counterfeit, copy or colorable imitation of the NFL Marks in connection with Defendants' domain names, websites, other online services or activities, or any other goods or services, that is likely to cause confusion, mistake, deception, or public misunderstanding that such domain names, websites, other online services or activities, or other goods or services are produced or provided by the NFL, or are sponsored or authorized by or in any way connected or related to the NFL;

(c) Passing off, inducing or enabling others to sell or pass off any Counterfeit Products as and for NFL Products;

(d) Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner football jerseys, headwear, other apparel, collectibles and/or other merchandise falsely bearing the NFL Marks, or any reproduction, counterfeit, copy or colorable imitation of same;

(e) Utilizing the Infringing Domain Names and registering, trafficking in, or using any additional domain names that use or incorporate any of the NFL Marks, or any colorable imitation thereof;

(f) Operating and/or hosting the Infringing Websites;

(g) Further infringing any of the NFL Marks or damaging the NFL's goodwill;

(h) Otherwise competing unfairly with the NFL in any manner; and

(i) Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in the above subparagraphs (a) through (h), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in the above subparagraphs (a) through (h); and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, pursuant to 15 U.S.C. § 1117(c)(2), the NFL is awarded maximum statutory damages for willful trademark counterfeiting of two million dollars and no cents ($2,000,000.00) per counterfeited mark against each Defendant Group for its counterfeiting of at least 34 NFL Marks in connection with football jerseys; and awarded maximum statutory damages for willful trademark counterfeiting of two million dollars and no cents ($2,000,000.00) per counterfeited mark against each Defendant Group for its counterfeiting of at least 34 NFL Marks in connection with headwear, for a total award of statutory damages in the amount of one hundred and thirty six million dollars and no cents ($136,000,000.00) against each Defendant Group; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, pursuant to 15 U.S.C. § 1117(d), the NFL is awarded maximum statutory damages for willful cybersquatting of one hundred thousand dollars and no cents ($100,000.00) for each of the 1,081 Infringing Domain Names identified in <u>Exhibit 2</u>, apportioned among Defendants as follows:

- Defendant Group 1: $3,200,000.00
- Defendant Group 2: $56,700,000.00
- Defendant Group 3: $18,100,000.00
- Defendant Group 4: $10,700,000.00
- Defendant Group 5: $6,900,000.00
- Defendant Group 6: $4,100,000.00
- Defendant Group 7: $3,200,000.00
- Defendant Group 8: $3,100,000.00
- Defendant Group 9: $1,500,000.00
- Defendant Group 11: $600,000.00; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendants comprising each Defendant Group are jointly and severally liable for the total damages award entered against that group under 15 U.S.C. § 1117(c)(2) and/or 15 U.S.C. § 1117(d), as follows:

- Defendant Group 1: $139,200,000.00

- Defendant Group 2: $192,700,000.00
- Defendant Group 3: $154,100,000.00
- Defendant Group 4: $147,300,000.00
- Defendant Group 5: $142,900,000.00
- Defendant Group 6: $140,100,000.00
- Defendant Group 7: $139,200,000.00
- Defendant Group 8: $139,100,000.00
- Defendant Group 9: $137,500,000.00
- Defendant Group 10: $136,000,000.00
- Defendant Group 11: $136,600,000.00; and



[Handwritten annotation: "Each of these defendants may, upon 30 days notice to the NFL, move to vacate or adjust the amount to a hearing at its convenience. HB"]

IT IS FURTHER ORDERED, that monies currently restrained in Defendants' accounts held by PayPal, Inc. ("PayPal") are hereby released to the NFL as partial payment of the above-mentioned damages; and

IT IS FURTHER ORDERED, that any domain name registries—including but not limited to VeriSign, Inc., Neustar, Inc., Afilias Limited, and the Public Interest Registry—and/or the individual registrars holding or listing one or more domain names used in conjunction with Defendants' Infringing Websites set forth in <u>Exhibit 1</u> shall, within seven (7) business days of receiving actual notice of this Default Judgment and Permanent Injunction Order and instructions from the NFL, take any steps necessary to transfer these domain names to a registrar of the NFL's selection and remove any locks and/or holds placed upon such domain names as requested by the NFL; and

IT IS FURTHER ORDERED, that in accordance with this Court's inherent equitable powers and its power to coerce compliance with its lawful orders, and in light of the NFL's showing that Defendants are using numerous false identities, domain names, and "rogue" websites not specifically identified in this Default Judgment and Permanent Injunction Order, in the event the NFL identifies any newly-detected Infringing Websites operated by Defendants ("Newly-Detected Infringing Websites") and/or newly-detected e-mail addresses, d/b/a names,

and/or aliases used by Defendants ("Newly-Detected Aliases"), the NFL may seek "Supplemental Orders" finding that the application of the relief granted herein extends to such Newly-Detected Infringing Websites and/or Newly-Detected Aliases, according to the following provisions:

(a) Upon a showing by the NFL that one or more Defendants are operating Newly-Detected Infringing Websites and/or are using Newly-Detected Aliases, the Court ~~will~~ *may* enter an "Order to Show Cause for Supplemental Order," scheduling a show cause hearing to be held at least fourteen (14) days following entry of the Order to Show Cause for Supplemental Order, and entering additional provisional relief detailed below; *HB*

(b) So long as the NFL has not collected the full amount of monies owed to it under this Judgment by such Defendants, the NFL may serve the Order to Show Cause for Supplemental Order, along with this Default Judgment and Permanent Injunction Order, on PayPal or other merchant account providers, payment providers, or third party processors (collectively, "Account Holder") and that:

1) Upon receiving actual notice of the Order to Show Cause for Supplemental Order and this Default Judgment and Permanent Injunction Order, Account Holder shall immediately locate and restrain any monies or accounts connected to any Newly-Detected Infringing Websites and/or Newly-Detected Aliases identified in the Order to Show Cause for Supplemental Order ("Newly-Detected Assets"), not allowing such Newly-Detected Assets to be transferred or withdrawn by any individual or entity, including without limitation Defendants, until further Court Order; and

2) Within seven (7) days of receiving actual notice of the Order to Show Cause for Supplemental Order and this Default Judgment and Permanent Injunction Order, Account Holder shall provide the NFL with all data which (i) details an accounting of the Newly-Detected Assets restrained, (ii) identifies which

financial accounts contain the restrained Newly-Detected Assets, (iii) identifies which Defendants, e-mail addresses, and/or Newly-Detected Infringing Websites were connected with the restrained Newly-Detected Assets, and (iv) details the account transactions related to all funds transmitted into or out of the restrained financial accounts;

(c) Within three (3) business days of receiving actual notice of the Order to Show Cause for Supplemental Order and this Default Judgment and Permanent Injunction Order, any domain name registries—including but not limited to VeriSign, Inc., Neustar, Inc., Afilias Limited, and the Public Interest Registry—and/or the individual registrars holding or listing one or more domain names used in conjunction with the Newly-Detected Infringing Websites identified in the Order to Show Cause for Supplemental Order, shall temporarily disable these domain names, through a registry hold or otherwise, and make them inactive and untransferable until further order from this Court;

(d) Within two (2) business days of entry of the Order to Show Cause for Supplemental Order, the NFL shall serve Defendants with the Order to Show Cause for Supplemental Order, along with this Default Judgment and Permanent Injunction Order, at all of Defendants' known e-mail addresses;

(e) Following entry of the Order to Show Cause for Supplemental Order, and in advance of the show cause hearing, any Defendant may upon two (2) business days' written notice to the Court and the NFL's counsel, upon proper showing, appear and move for the dissolution or modification of the provisions of the Order to Show Cause for Supplemental Order concerning the temporary restriction upon transfer of any Newly-Detected Assets belonging to or controlled by such Defendant;

(f) Following entry of a Supplemental Order the NFL may serve the Supplemental Order on Account Holders, and any Newly-Detected Assets controlled by such Account Holders immediately shall be released to the NFL;

(g) Following entry of a Supplemental Order, any domain name registries—including but not limited to VeriSign, Inc., Neustar, Inc., Afilias Limited, and the Public Interest Registry—and/or the individual registrars that, in accordance with the Order to Show Cause for Supplemental Order, were required to temporarily disable any domain names used in conjunction with Defendants' Newly-Detected Infringing Websites, within seven (7) business days of receiving actual notice of the Supplemental Order and instructions from the NFL, shall take any steps necessary to transfer these domain names to a registrar of the NFL's selection and remove any locks and/or holds placed upon such domain names as requested by the NFL; and

IT IS FURTHER ORDERED that the bond posted by Plaintiffs is hereby released; and

IT IS FINALLY ORDERED that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Default Judgment and Permanent Injunction Order.

This is a FINAL JUDGMENT.

SIGNED this 19 day of Sept 2013.

_____
THE HONORABLE HAROLD BAER, JR.

Each of these ordered paragraphs for statutory damages may be subject to a motion to vacate on notice to the NFL and may be subject to a hearing at the Court's convenience.